WENTWORTH, Judge.
The Florida Windstorm Underwriting Association seeks review of a Department of Insurance order determining that a designated area in Charlotte County is eligible for windstorm insurance through the Underwriting Association in accordance with section 627.351(2), Florida Statutes. We find that not all of the necessary statutory criteria for such eligibility have been established and we therefore reverse the order appealed.
A public hearing was held as to whether an area on the northern end of Gasparilla Island in Charlotte County is eligible for windstorm insurance pursuant to section 627.351(2), Florida Statutes. The area consists of land being held for development but on which no dwellings, buildings, or other structures have been constructed. Testimony was presented that windstorm insurance cannot be obtained in the area and that another portion of the island has been qualified for windstorm coverage pursuant to section 627.351(2). It was established that lending institutions will not write loans in the designated area for land, construction, or residences without windstorm insurance and that there are no outstanding mortgages in the area. Witnesses indicated that the unavailability of windstorm insurance is having an adverse impact on land sales and is deterring development. Evidence was presented as to the existence of other statutory requirements for eligibility under section 627.351(2). A recommended order was entered finding that mortgages were not shown to be in default and concluding that all of the statutory criteria had not been met. The Department of Insurance then entered a final order recognizing that no mortgages are in default in the designated area, but construing this statutory requirement to be satisfied by a showing that mortgages are in default elsewhere in the county. Stating that “the spirit of the law prevails over the letter,” the Department suggested that growth and economic development would be encouraged by this statutory interpretation and accordingly granted the application and declared the area eligible for windstorm coverage under section 627.351(2).
Under the statute the Department may designate “any county or area” in which the statutory criteria are shown to exist as eligible for windstorm insurance. Section 627.351(2)(c). Among these criteria is a requirement that “due to the lack of windstorm insurance coverage in the county or area so affected ... mortgages are in default....” Section 627.351(2)(c)l. While the Department may designate either a county or an area, the express statutory language requires that defaulted mortgages be shown to exist in the designated unit. Defaulted mortgages outside the designated area do not meet the statutory standard of section 627.351(2)(c)l and the Department has abused its discretion in construing the statute to the contrary. The Department's concern as to the spirit of the law is not supported by the statutory language and, because all of the prescribed criteria were not established, the Department should not have designated the area as eligible for windstorm insurance pursuant to section 627.351(2).
The order appealed is reversed.
SMITH, C.J., and JOANOS, J., concur.