ERVIN, Judge.
The Florida Windstorm Underwriting Association (Association) appeals a Department of Insurance (Department) order designating a 12.1-acre tract located in Charlotte County as eligible for windstorm insurance coverage underwritten by the Association. Finding that the criteria set out in Section 627.351(2), Florida Statutes, were met in the instant case, we affirm.'
Boca Grande Club, Inc., applied for windstorm coverage pursuant to section 627.-351(2), as to a 12.1-acre tract located on Gasparilla Island in Charlotte County. An applicant’s eligibility for such coverage requires that the applicant comply with all of the following criteria: (a) windstorm insurance is unavailable, (b) economic growth and development in the county or area is being deterred or stifled, (c) mortgages are in default, (d) financial institutions are unable to make loans, (e) the county or area is enforcing the Southern Standard Building Code or its equivalent and (f) extending windstorm coverage is consistent with state laws, regulations and policies regarding coastal zone protection and comprehensive planning. See § 627.351(2)(c). After a hearing, the Department granted Boca Grande Club’s request for windstorm coverage by adopting in toto the report and recommendations of the hearing officer. The report had concluded that the Boca Grande Club had “successfully met all of the provisions and requirements of Section 627.351.” We have examined the record in the instant case and conclude there is competent, substantial evidence supporting those findings.
This case is clearly distinguishable from Florida Windstorm Association v. Sunset Realty Corporation, 516 So.2d 1037 (Fla. 1st DCA 1987), where the Department’s order approving an application for windstorm eligibility of a site located in close proximity to the property now at issue was reversed by this court due to failure of the area to meet all of the prescribed criteria of the statute. In Sunset Realty Inc., mortgages were not in default in the area in question. In contrast, here a loan given to the Boca Grande Club by The Provident Bank of Cincinnati, Ohio was in default, due to the unavailability of windstorm insurance.
As all of the requirements set forth in section 627.351(2) have been met, the order appealed from is AFFIRMED.
JOANOS and BARFIELD, JJ., concur.